[Cite as *In re J.K.*, 2016-Ohio-1046.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| IN THE MATTER OF: | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| J.K. (DOB: 3/14/2006) | : | Hon. W. Scott Gwin, J. |
| K.K. (DOB: 6/01/2013) | : | Hon. Patricia A. Delaney, J. |
| | : | |
| | : | |
| | : | Case Nos.    2015CA00191 |
| | : |             2015CA00194 |
| | : | |
| | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                  Pleas, Family Court Division, Case
                                  Nos. 2014JCV00205 A & B



JUDGMENT:                         Affirmed




DATE OF JUDGMENT:                 March 14, 2016




APPEARANCES:

For Appellant                     For Appellee

DAVID L. SMITH                    BRANDON J. WALTENBAUGH
P.O. Box 20407                    300 Market Avenue North
Canton, OH  44701                 Canton, OH  44702

*Farmer, P.J.*

{¶1}   On March 5, 2014, appellee, Stark County Department of Job and Family Services, filed complaints alleging J.K., born March 14, 2006, D.J., born July 17, 2007, and K.K., born June 1, 2013, to be dependent, neglected, and/or abused children.  Mother of the children is appellant, Margaret Kolbs; father of J.K. is Charles Rogers and father of K.K. is unknown.[1]

{¶2}   Following an emergency shelter care hearing, the children were placed in appellee's emergency temporary custody.

{¶3}   An adjudicatory hearing was held on May 28, 2014, and the trial court found the children to be abused.  A dispositional hearing followed and the trial court placed the children in appellee's temporary custody and a case plan was approved and adopted.

{¶4}   On August 5, 2015, appellee filed motions for permanent custody.  A hearing was held on September 23, 2015.  By judgment entry filed September 28, 2015, the trial court terminated parental rights and granted appellee permanent custody of the children.  Findings of fact and conclusions of law were filed contemporaneously with the judgment entry.

{¶5}   Appellant filed an appeal and this matter is now before this court for consideration.[2]  Assignment of error is as follows:

---

[1]D.J. is not a part of this appeal.  The reference to "children" in this opinion refer to J.K. and K.K. only, unless otherwise noted.

[2]We note on February 8, 2016, appellee filed motions to dismiss the appeals for failure to prosecute.  We deny the motions.

I

{¶6}    "THE COURT'S ORDER STATING THAT THE CHILDREN COULD NOT BE PLACED WITH ANY BIOLOGICAL PARENT AT THE TIME OF TRIAL OR WITHIN A REASONABLE TIME WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

I

{¶7}    Appellant claims the trial court erred in finding the children could not be placed with any biological parent within a reasonable amount of time as she was in a position to completely comply with the case plan at the time of the permanent custody hearing.  We disagree.[3]

{¶8}    As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses.  Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment.  *Cross Truck v..Jeffries,* 5th Dist. Stark No. CA–5758, 1982 WL 2911 (February 10, 1982).  Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.  *C.E. Morris Co. v. Foley Construction,* 54 Ohio St.2d 279 (1978).  On review for manifest weight, the standard in a civil case is identical to the standard in a criminal case: a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in

---

[3]Although appellant's assignment of error states "any biological parent," appellant's brief makes arguments to her only, and notes "[t]he fathers were not involved in case plan services due to incarceration, and upon release, had little to no communication with the Department."  Appellant's Brief at Statement of Facts and Case.

resolving conflicts in the evidence, the jury [or finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction [decision] must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172, 175 (1st Dist.1983). See also, *State v. Thompkins,* 78 Ohio St.3d 380, 1997-Ohio-52; *Eastley v. Volkman,* 132 Ohio St .3d 328, 2012-Ohio-2179. In weighing the evidence, however, we are always mindful of the presumption in favor of the trial court's factual findings. *Eastley* at ¶ 21.

{¶9} R.C. 2151.414(E) sets out the factors relevant to determining permanent custody. Said section states in pertinent part the following:

> (E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:

> (1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency

to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home.  In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.

(16) Any other factor the court considers relevant.

{¶10} R.C. 2151.414(B)(1)(d) specifically states permanent custody may be granted if the trial court determines, by clear and convincing evidence, that it is in the best interest of the child and:

(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period and, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state.

***

For the purposes of division (B)(1) of this section, a child shall be considered to have entered the temporary custody of an agency on the earlier of the date the child is adjudicated pursuant to section 2151.28 of the Revised Code or the date that is sixty days after the removal of the child from home.

{¶11} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469 (1954), paragraph three of the syllabus. See also, *In re Adoption of Holcomb,* 18 Ohio St.3d 361 (1985). "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross* at 477.

{¶12} R.C. 2151.414(D)(1) sets forth the factors a trial court shall consider in determining the best interest of a child:

(D)(1) In determining the best interest of a child at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) or (5) of section 2151.353 or division (C) of section 2151.415 of the Revised Code, the court shall consider all relevant factors, including, but not limited to, the following:

(a) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;

(b) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

(c) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period and, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state;

(d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

(e) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.

{¶13} Appellant does not contest the fact that the children were placed in appellee's temporary custody on March 5, 2014, adjudicated on May 28, 2014, and the

permanent custody hearing was held on September 23, 2015. T. at 8. As found by the trial court, the children have been in appellee's custody for over twelve months. R.C. 2151.414(B)(1)(d). It is appellant's position that she needs more time to become compliant with the case plan.

{¶14} The trial court made over thirty specific findings relative to appellant's cooperation or lack of cooperation with the case plan and the overnight visits with her children.

{¶15} During the eighteen months the children were in appellee's temporary custody, appellant demonstrated a haphazard, lackadaisical approach to the case plan. T. at 11, 16, 45. Although appellant attempted to complete the case plan, she failed to obtain psychological services, failed to keep appointments, and lacked follow through. T. at 14, 16-19, 34-35, 45. She appeared nonplused of the consequences. T. at 35-36. She did not engage with the children during visits and missed many important visitation dates i.e., birthdays, holidays. T. at 16-17, 21-23.

{¶16} Appellee attempted three unsupervised overnight visits with the children at appellant's residence. All three visits were unsuccessful because appellant failed to follow the rules established for the overnights. T. at 24-32, 65-66. J.K. and D.J. showed signs of PTSD symptoms due to being physically abused and witnessing physical abuse upon appellant. T. at 31, 55-59, 61. Appellant does not appreciate their PTSD symptoms as she failed to follow the rules set up to protect the children's safety during the home visits. T. at 31, 65-66.

{¶17} Although appellant has stable housing, the conditions viewed immediately prior to the permanent custody hearing indicated a home that was dirty, cluttered, and

inappropriate for the children.  T. at 33-34.  Appellant has failed to demonstrate any commitment to the children.  T. at 35.  J.K. and D.J. were afraid for their safety when with appellant.  T. at 61-62.

{¶18}  Father of J.K. was incarcerated and has not participated in case plan services.  T. at 10.  Father of K.K. is unknown.  An alleged father has refused paternity testing and does not want to be involved.  T. at 9.

{¶19}  As for best interest, the children are placed together in foster care, are doing well, and their needs are being met.  T. at 70, 76-77.  The caseworker opined the children would benefit from adoption.  T. at 80.  The children have been in appellee's custody for over twelve months.  R.C. 2151.414(D)(1)(c).

{¶20}  "When granting permanent custody under R.C. 2151.414(B)(1)(d), the trial court need not find that the child cannot or should not be placed with either parent within a reasonable time since such a finding is implicit in the time frame provided in the statute."  *In re Myers Children* 4th Dist. Athens No. 03CA23, 2004-Ohio-657, ¶ 10.  We note "only one of the factors set forth in R.C. 2151.414(D) needs to be resolved in favor of the award of permanent custody in order for the court to terminate parental rights."  *In re Z.T.,* 8th Dist. Cuyahoga No. 88009, 2007-Ohio-827, ¶ 56.  Nevertheless, the trial court also found by clear and convincing evidence that the children could not be placed with appellant within a reasonable time nor should the children be placed with her.

{¶21}  Upon review, we find sufficient clear and convincing evidence to support the trial court's decision in granting permanent custody of the children to appellee.

{¶22}  The sole assignment of error is denied.

{¶23}  The judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division is hereby affirmed.

By Farmer, P.J.

Gwin, J. and

Delaney, J. concur.


SGF/sg 219